IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Marty Fosberry, | ) | Civil Action No.: 2:10-cv-799-RMG |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Coyle Business Products, Inc., | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |

This matter comes before the Court on Defendant/Counterclaimant Coyle Business Products, Inc.'s ("Coyle") motion for default judgment. (Dkt. No. 54). Plaintiff/Counterdefendant Marty Fosberry ("Fosberry") is proceeding *pro se* in this action. Thus, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(e) DSC, this matter was referred to the United States Magistrate Judge for all pretrial proceedings. On April 2, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Coyle's motion for default judgment be granted and that judgment be entered against Fosberry in favor of Coyle in the amount of $117,102.15. (Dkt. No. 71). The Magistrate Judge instructed Fosberry of the deadline for filing objections to the Report and Recommendation and the serious consequences for failing to do so. (*Id.* at 10). Nevertheless, Fosberry did not file any objections to the Report and Recommendation. As explained herein, the Court adopts the Magistrate's Report and Recommendation, grants Coyle's motion for default judgment, and enters judgment against Fosberry in favor of Coyle in the amount of $117,102.15.

1

## LAW/ANALYSIS

The Magistrate Judge only makes recommendations to this Court. The recommendations of the Magistrate Judge have no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

On March 30, 2010, Fosberry filed this action against Coyle alleging various causes of action arising from Fosberry's previous employment with Coyle. (Dkt. No. 1). On July 7, 2010, Coyle filed an Amended Answer asserting various counterclaims which also arise from Fosberry's previous employment with Coyle. (Dkt. No. 17). Fosberry's counsel subsequently withdrew from his representation of Fosberry, and after multiple inquiries from the Court as to whether Fosberry intended to continue pursuing his claims (Dkt. Nos. 26 and 30), the Court issued an Order dismissing Fosberry's claims for failure to prosecute under Federal Rule of Civil Procedure 41(b). (Dkt. No. 35). Thereafter, only Coyle's counterclaims remained.

On August 31, 2011, Coyle requested an entry of default against Fosberry pursuant to Federal Rule of Civil Procedure 55(a) based on Fosberry's failure to defend against Coyle's counterclaims. (Dkt. No. 51). On September 22, 2011, the Clerk of Court entered default against Fosberry. (Dkt. No. 52). On September 26, 2011, Coyle filed a motion for default

judgment (Dkt. No. 54), which is the motion currently before the Court. In the memorandum in support of its motion, Coyle requested a hearing on damages (Dkt. No. 54-1 at 2), as is required in cases involving unliquidated damages such as this one. On March 2, 2012, the Court scheduled a hearing for March 26, 2012 on Coyle's motion for default judgment. (Dkt. No. 57). The Court ordered Coyle to serve Fosberry with both the notice of the hearing and the underlying motion for default judgment and to file proof of service with the Court. (*Id.*). On March 14, 2012, Coyle filed proof of service which showed that Fosberry was personally served with the notice of hearing and motion for default judgment. (Dkt. Nos. 59 and 59-1).

On March 26, 2012, Magistrate Judge Bruce Hendricks held a hearing on Coyle's motion for default judgment. At the hearing, the Court received evidence from Coyle regarding the damages to which Coyle is entitled pursuant to Coyle's counterclaims. Gregory T. Coyle, president and part owner of Coyle, was present at the hearing and testified regarding the damages suffered by Coyle. Although Fosberry received notice of the hearing, Fosberry did not attend the hearing. In determining the damages to which Coyle is entitled on its counterclaims, the Court must accept all well-pleaded factual allegations in Coyle's counterclaims as true due to Fosberry's default. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). As explained thoroughly in the Magistrate Judge's Report and Recommendation, Coyle has established through its well-pleaded factual allegations and the uncontested evidence presented at the March 26, 2012 hearing that it has suffered $92,102.15 in actual damages which are recoverable pursuant to Coyle's counterclaims. (Dkt. No. 71). Further, the Court agrees with Magistrate Judge Hendricks' recommendation that the Court award Coyle $25,000 in punitive damages pursuant to Coyle's conversion claim based on the facts and circumstances of this case.

(*Id.* at 8-9 (discussing the relevant factors to consider when awarding punitive damages and applying them to this case)).

## CONCLUSION

For the foregoing reasons, Coyle's motion for default judgment (Dkt. No. 54) is granted. Further, judgment is entered against Fosberry in favor of Coyle in the amount of $117,102.15. This amount includes actual damages in the amount of $92,102.15 and punitive damages in the amount of $25,000.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April 26, 2012
Charleston, South Carolina